IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JIMMY DON GREEN AND
CHERYL RUTH GREEN                                                                     PLAINTIFFS

VS.                                                         CIVIL ACTION No. 2:06cv122-KS-JMR

ALFA INSURANCE CORPORATION AND
JOHN DOE DEFENDANTS A, B, AND C                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiffs' motion for partial summary judgment. Because the Defendant has met its burden of producing evidence to create a genuine issue of material fact, the Court determines that the Plaintiffs' motion for partial summary judgment should be denied.

FACTUAL BACKGROUND

Jimmy and Cheryl Green ("Plaintiffs") purchased the mobile home that is the subject of this lawsuit in July of 2004. On July 15, 2004, the Plaintiffs purchased a manufactured home policy from Alfa Insurance Corporation ("Defendant Alfa"), policy number T0225695. The manufactured home policy purchased by the Plaintiffs covered "accidental direct physical loss" to their property caused by a "windstorm," as well as water damage resulting from "the direct force of wind...[that] damages the home...causing an opening" that allows rain to enter the structure.

On August 29, 2005, Hurricane Katrina ("Katrina") struck the Mississippi coastline as a Category 4 hurricane with winds in excess of 150 miles per hour. The Plaintiffs maintain that Katrina caused extensive damage to their home, including: cracks in the ceilings and walls;

buckling of the floors; water damage; roof damage; door and window malfunctions; vinyl skirting and siding damage; soffits and trim damage; front and rear porch damage; separation between the mobile home and the addition; and support damage as a result of being knocked off a block pier foundation.

On September 25, 2005, an insurance adjuster for Defendant Alfa inspected the Plaintiffs' home for storm related damage.  Following the inspection, the adjuster presented the Plaintiffs with an itemized description of benefits payable to the Plaintiffs based on losses that Defendant Alfa determined were the result of Katrina.  Defendant Alfa paid the Plaintiffs a total of $10,868.09 after depreciation deductions for damages Defendant Alfa concluded were caused by the storm.

Unsatisfied with the determination made by Defendant Alfa, the Plaintiffs hired Abraham Home Inspection, LLC on October 31, 2005 to inspect their home. The Abraham inspector concluded that the Plaintiffs' home had suffered significant structural damage as a result of the hurricane.  Among several damage conclusions, the Abraham inspector noted that "support beams and columns are twisted from high winds," that "walls are buckled from the structure being twisted," and that interior ceilings, floors, and walls were extensively damaged from high winds.

On November 12, 2005, Defendant Alfa arranged for an additional inspection of the Plaintiffs' home to be performed by Veco Consulting, LLC.  The Veco report dismissed the opinions of the prior Abram inspection, concluding that "there is no indication that the structure of this home was shifted or racked in any way due to wind forces from the recent storm."  The Veco report noted that  "it would be virtually impossible for wind to cause shifting or damage" to the mobile home and yet leave the lightweight porch structure intact.

On July 20, 2007, the Plaintiffs hired a contractor with Allphase Construction, LLC to inspect the home and provide an estimate for needed repairs. That Allphase contractor concluded that damages caused by "twisting and uneven settling at a very fast rate" would cost approximately $40,981 to repair to a like-new condition.

To support their motion, the Plaintiffs have submitted several affidavits of prior occupants and neighbors that each claim the additional damages alleged by the Plaintiffs were not present before Katrina and were caused by the storm. Defendant Alfa has submitted no affidavits as to the physical condition of the home prior to the hurricane.

The Plaintiffs filed the current motion for partial summary judgment asking the Court to "find that the damages complained herein were incurred as a result of Hurricane Katrina and are covered under the Alfa homeowner's insurance policy." Because Defendant Alfa does not dispute that damages caused by Katrina are covered under the policy, the remaining issue is whether the Plaintiffs are entitled to summary judgment on the element of causation for damages to their home.

### STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).

If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential

element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).

ANALYSIS

The Plaintiffs in the current case misstate the principal issue in dispute. Although they characterize the issue in their reply as "simply coverage that can be determined by the four corners of the contract," they actually ask the Court to determine conclusively that damages and imperfections in the Plaintiffs' home were directly caused by Katrina. Through its pleadings and answer, Defendant Alfa has admitted that damages caused by Katrina would be covered under the Plaintiffs' policy, and has paid a settlement for damages it determined were caused by the storm. The Plaintiffs, unsatisfied with how Defendant Alfa characterized these damages, have pursued that dispute through the current litigation. As such they are not claiming, and neither is Defendant Alfa disputing, that any particular damages to the structure caused by the storm are excluded under the terms of the policy. Because the Plaintiffs ask for summary judgment on precisely what damages were caused by Katrina, and what damage to the structure predated the storm, the evidence relating to causation must be examined.

Each side has submitted evidence on the issue of causation. The Plaintiffs have submitted the opinions of three experts that claim the damage to the home was caused by high winds from Katrina. The Plaintiffs also submitted numerous affidavits of eyewitnesses that stated the damages to the Plaintiffs home were not present before the storm. The Defendant Alfa has responded by submitting numerous expert reports as well, arguing that the post-storm

condition of the entire structure suggested that major wind damage was impossible.

It remains "improper for the district court to 'resolve factual disputes by weighing conflicting evidence...since it is the province of the jury to assess the probative value of evidence.'" *Barton v. Fred Netterville Lumber Co.*, 317 F. Supp. 2d 700, 703 (S.D. Miss. 2004) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).  The fact issue framed by Defendant Alfa and the Plaintiffs is not "so one-sided that one party should prevail as a matter of law." *Pepper v. Int. Gaming Sys., LLC*, 312 F. Supp. 2d 853, 857 (N.D. Miss. 2004). Based on the proffered evidence, a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiffs motion for partial summary judgment is DENIED.

SO ORDERED AND ADJUDGED on this, the 9th day of August, 2007.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE