IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JIMMY DON GREEN and
CHERYL RUTH GREEN                                                                PLAINTIFFS

v.                                                                CIVIL ACTION # 2:06cv122-KS-MTP

ALFA INSURANCE CORPORATION and
JOHN DOES A, B, and C                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Defendant's motion to dismiss [# 46] the claims of Plaintiff Cheryl Ruth Green ("Ms. Green"). Ms. Green and her husband, Jimmy Don Green, brought suit against Alfa Financial Corporation ("Alfa") in May of 2006. The Greens had insured a mobile home through Alfa, and were unsatisfied with how Alfa handled a claim subsequent to Hurricane Katrina. Although both Greens were named in the policy documents, Alfa later learned that Ms. Green is not an owner of the property and was not married to Mr. Green when he purchased the property. Hence the Defendants now argue that Ms. Green has no insurable interest because she "has no financial ownership interest at all in the real property or the mobile home and structure located and constructed on the real property, which is the subject of the Alfa insurance policy issued to Mr. and Ms. Green and also the only subject of this litigation."

Without identifying the basis of their motion, the Court assumes that the Defendant has moved for summary judgment against Ms. Green under Rule 56. Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice*, 393 F.3d 577, 589 (5th Cir 2004). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

It is well-settled under Mississippi law that a person without an interest in property may not purchase a policy to insure it. *See Universal Underwriters Group, Inc. v. State Farm Fire & Cas. Co.*, 931 So. 2d 617, 619 (Miss. App. 2005) (applying rule to motor vehicle statute). If an insurable interest does not exist at the time the contract for insurance was made, the insurance contract is void from its inception. *Gerard v. Metro. Life Ins. Co.*, 149 So. 2d 793, 794 (Miss. 1933). The purpose of the rule is to prevent those without interests in property from essentially wagering that the property will be destroyed.[1]

In response to the motion for summary judgment, the Plaintiffs have submitted a number of cancelled checks that document payments made by Alfa to both Mr. and Mrs. Green. They argue that because "Cheryl Green has been named as an insured from the outset of the policy, and has a bona fide stake in the outcome of this litigation as a Plaintiff" that the Court should not grant summary judgment against her. The Plaintiffs offer no alternative theory as to how Ms. Green could maintain any claims against Alfa outside of the policy contract.

---

[1] *See* MISSISSIPPI INSURANCE LAW AND PRACTICE § 4:1 (2006).

Although Alfa mistakenly issued the policy to both Greens, that mistake alone does not give Ms. Green an insurable interest in the property.  The Plaintiffs have identified no case law or controlling authority that would permit the Court to recognize an insurable interest of Ms. Green to survive summary judgment.  And even when an insured is able to obtain a policy without an insurable interest, "[t]he insurance company which issues a policy, as a defense to a claim against the policy, can raise the issue of the lack of insurable interest." *First Colony Life Ins. Co. v. Sanford*, 480 F. Supp. 2d 870, 874 (S.D. Miss. 2007).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to dismiss the claims of Cheryl Ruth Green [# 46] is **granted**.

SO ORDERED AND ADJUDGED on this, the 19th day of November, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE